**Norman Z. FLICK, Plaintiff,**

v.

**R.A. LARUE and John Nevins, Defendants.**

**No. 84–CV–4516–DT.**

United States District Court, E.D. Michigan, S.D.

May 20, 1985.

Karl Overman, Asst. U.S. Atty., Detroit, Mich., for defendants.

Norman Z. Flick, pro se.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

La PLATA, District Judge.

On September 28, 1984, Plaintiff, Norman Z. Flick, an inmate at Milan Federal Correctional Institute, filed a civil rights lawsuit against Defendants, R.A. LaRue and John Nevins. On January 11, 1985, Defendants filed a motion for summary judgment, under Fed.R.Civ.P. 56(b), premised on an affirmative defense of qualified immunity.

The gravamen of Plaintiff's complaint is that he was wrongfully placed in administrative segregation at the prison for a two-day period in August, 1984. Defendant LaRue, a correctional lieutenant, having considered information that Plaintiff interfered with the orderly operation of the prison by encouraging inmates not to comply with the urine surveillance program, ordered that Plaintiff be confined in administrative detention.

After conducting an investigation, Lieutenant LaRue concluded that insufficient evidence existed to support a claim that Plaintiff transgressed a disciplinary regulation. Thereupon, he ordered that Plaintiff be released from the administrative segregation.

Regarding Plaintiff's claim against the second Defendant, John Nevins, a captain at the Correctional Institute, Plaintiff asserts that Nevins refused to speak to him concerning the administrative detention.

■ Under 42 U.S.C. § 1983, a party deprived of a federal constitutional or statutory right by a public official may seek redress in federal court. The civil rights statute serves three functions: (1) it operates to deter public officials from violating citizens' constitutional rights; (2) it affords compensation to victims of unconstitutional official behavior; and (3) it serves as a vehicle for the development of federal constitutional rights. *Carey v. Piphis*, 435 U.S. 247, 253–57, 98 S.Ct. 1042, 1046–49, 55 L.Ed.2d 252 (1978).

■ In a lawsuit based on the foregoing statute, a public official may invoke the affirmative defense of qualified immunity, which shields an official who acted in good faith from liability. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed. 572 (1980); Wright & Miller, Federal Practice and Procedure 3654–3659 (1976). To be successful in his employment of the qualified immunity defense, a defendant-official must establish that he acted in good faith, namely, that he reasonably believed that his actions were lawful. *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).

In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court modified the structure of the qualified immunity defense. Stating that bare allegations of malice are inadequate to prevent a summary judgment in favor of a public officer, the Court held that where a government official in per-

forming a discretionary function has not violated clearly established statutory or constitutional rights of which a reasonable person would be aware, that official can defeat a constitutional tort claim by interposing the qualified immunity defense. *Id.* at 818, 102 S.Ct. at 2739. Thus, a governmental official can prevail on a motion for summary judgment if he shows that a reasonable person would not have known that the official's actions were in violation of the plaintiff's constitutional rights.

■■■ Applying the law of governmental immunity to the case at bar, this Court concludes that summary judgment should be granted in favor of Defendants. When he placed Plaintiff in administrative detention for a limited period of time while investigating an allegedly serious violation of the prison's rules, Lieutenant LaRue did not violate a clearly established constitutional or statutory right of Plaintiff. Similarly, Captain Nevins' alleged refusal to discuss the events with Plaintiff does not amount to a cognizable cause of action under 42 U.S.C. § 1983.

Plaintiff further claims that the Defendants violated various prison policies by placing him in administrative detention. Even if Plaintiff's averments in this regard are accurate, they are insufficient to overcome the defense of qualified immunity. This issue recently was decided adversely to Plaintiff in *Davis v. Scherer*, 468 U.S. ——, ——, 104 S.Ct. 3012, 3019–20, 82 L.Ed.2d 139, 149 (1984), where the Court held:

> On its face, appellee's reasoning is not without some force. We decline, however, to adopt it. Even before *Harlow* [*v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)] our cases had made clear that, under the "objective" component of the good faith immunity test, "an official would not be held liable in damages under 1983 unless the constitutional right he was alleged to have violated was 'clearly established' at the time of the violation." Officials sued for constitutional violations do not lose their qualified immunity merely because

their conduct violates some statutory or administrative provision.

Plaintiff's complaint discloses that the Defendant LaRue exercised discretionary, rather than ministerial, functions in placing him in administrative detention while investigating an apparent violation of the disciplinary rules. The allegations against Captain Nevins are, at best, frivolous.

Plaintiff has failed to demonstrate that Defendants violated a clearly established constitutional or statutory right of his in their undertaking of discretionary acts regarding the incident. Additionally, this Court determines, as a matter of law, that Defendants acted in good faith. Plaintiff was advised of the nature of the charges against him. In view of the patently insufficient allegations in Plaintiff's complaint, this Court grants Defendants' motion for summary judgment.

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is granted.

Action Dismissed.